UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAWEL SIENKIEWICZ, : | |
|      Plaintiff, : | |
| : | CIVIL ACTION NO.: |
| : | 3:15-cv-1871 (VAB) |
| v. : | |
| : | |
| ERIC HOLDER, JR., : | |
| United States Attorney General, : | |
| : | |
|      Defendant. : | |

**RULING**

Petitioner, Pawel Sienkiewicz, has filed a habeas petition *pro se* under 28 U.S.C. §2241 asking the Court to stop his removal from the United States and seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Petition at Claims for Relief, ECF No. 1. In conjunction with his Petition, he also filed an "emergency" request for immediate release from ICE detention "based on humanitarian grounds" pending the disposition of his habeas petition. Emergency Request for Temporary Injunction, ECF No. 2.

In support of his motion, Mr. Sienkiewicz argues that he should be released because he has an umbilical hernia which requires surgery that ICE will not allow or pay for. *Id.* ¶1. He also contends that he has suffered various mental illnesses while in ICE custody, exacerbated by the fact that he does not speak English well. *Id.* ¶¶2-3, 9. He also contends that he should be released because he does not pose a danger to the community and is not a flight risk. *See e.g.*, *id.* ¶¶7, 10.

"The [temporary restraining order] is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Charles Alan

1

Wright *et al.*, *Federal Practice and Procedure* § 2951 (3d ed. 2015).  A party seeking a temporary restraining order or preliminary injunction must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.  *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).  A plaintiff seeking preliminary injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* "[I]rreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

      Mr. Sienkiewicz has failed to identify with particularity how he will be irreparably harmed by his continued detention.  Indeed, many of the factors he cites in support of his release have developed over a long period of time.  *See e.g.*, Emergency Request for Temporary Injunction ¶1, ECF No. 2 ("since incarceration… over twelve months ago, my health has steadily deteriorated.").  He does not indicate how he will be irreparably harmed if these conditions are not remedied on an expedited basis.  For example, he cites a need for surgery for an umbilical hernia but does not explain whether that condition requires urgent or immediate attention.  *Id.*

      In addition, Mr. Sienkiewicz claims that he did not have adequate representation in his immigration case and that there is no interpreter where he is detained, which inhibits his ability to access lawyers and the courts.  *Id.* ¶¶5, 9.  There is no constitutional right to legal counsel in

immigration proceedings. *See e.g.*, *Casteneda-Suarez v. Immigration and Naturalization Serv.*, 993 F.2d 142, 144 (7th Cir. 1993) ("Deportation hearings are deemed civil proceedings and thus aliens have no constitutional right to counsel under the Sixth Amendment."); *Lozada v. Immigration and Naturalization Serv.*, 857 F.2d 10, 13 (1st Cir. 1988) ("Because deportation proceedings are deemed to be civil, rather than criminal, in nature, petitioners have no constitutional right to counsel under the Sixth Amendment."). Mr. Sienkiewicz also fails to specify reasons why his access to courts claim must be considered on an expedited basis.

Finally, Mr. Sienkiewicz appears to contend that he is subject to a final order of removal from the United States. Emergency Request for Temporary Injunction ¶13, ECF No. 2 ("The Petitioner is subject to a final of removal… and is subject to physical removal from the United States..."). In his Petition, he claims that he is subject to "imminent removal from the United States," Petition ¶6, ECF No. 1, but does not elaborate further on the timeframe of his expected removal. Construing his emergency motion very liberally, as the Court must with a *pro se* filing, Mr. Sienkiewicz may be arguing that a temporary restraining order should be granted because he will be removed from the United States before the Court can address his habeas petition. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Mr. Sienkiewicz's motion indicates that he has sent a copy of the motion to the United States Attorney for the District of Connecticut. There is no indication that he has sent a copy to the named party in this action, the Attorney General of the United States.[1] Thus, Mr.

---

[1] It is proper, at least in some circumstances, to name the Attorney General of the United States as a respondent in an alien habeas petition. *See e.g.*, *Farez-Espinoza v. Chertoff*, 600 F. Supp.2d 488, 493-95 (S.D.N.Y. 2009) (noting that the Second Circuit has not specifically approved naming the Attorney General as a respondent in an alien habeas petition but reasoning that it was proper to do so and collecting cases taking the same approach). The Court notes that the current Attorney General of the United States is Loretta Lynch.

Sienkiewicz is seeking a temporary restraining order *ex parte* and must comply with Federal Rule of Civil Procedure 65(b).[2]

Rule 65(b)(1) requires that an *ex parte* motion be accompanied by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and a certification in writing as to why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B). Mr. Sienkiewicz's motion does not satisfy either of these requirements and, as such, does not "clearly show" that his removal is imminent. *See Saut v. Chertoff*, No. CIV-F-08-0599 AWI GSA, 2008 WL 1970564, at *3 (E.D. Cal. May 2, 2008) (denying an *ex parte* motion for a temporary restraining order seeking a stay of an "imminent" removal, because the movants failed to comply with Rule 65(b) and did not provide "adequate detail of the circumstances leading [them] to believe deportation [was] imminent").

To be entitled to a temporary restraining order, Mr. Sienkiewicz must establish "'by a clear showing' that the remedy is necessary and that the essential prerequisites for issuance of the temporary restraining order are met." *Peters v. Noonan*, 871 F. Supp. 2d 218, 224 (W.D.N.Y. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Because Mr. Sienkiewicz has failed to meet this burden at this time, his Emergency Request for Temporary Injunction, ECF No. 2, must be **DENIED WITHOUT PREJUDICE**.

SO ORDERED at Bridgeport, Connecticut this 30th day of December 2015.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] The Federal Rules of Civil Procedure are applicable to habeas proceedings only "to the extent that the practice in those proceedings [ ] is not specified in a federal statute… and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). The relevant statute, 28 U.S.C. ¶2241 *et seq.*, provides little guidance on how temporary restraining orders are to be administered.