UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAWEL SIENKIEWICZ, : | |
|    Plaintiff, : | |
| : | CIVIL ACTION NO.: |
| : | 3:15-cv-1871 (VAB) |
| v. : | |
| : | |
| LORETTA LYNCH, : | |
| United States Attorney General[1], : | |
| : | |
|    Defendant. : | |

**RULING ON MOTION TO DISMISS AND
PETITION FOR WRIT OF HABEAS CORPUS**

Pawel Sienkiewicz, who is currently in the custody of Immigration and Customs Enforcement ("ICE"), has filed a habeas petition *pro se* under 28 U.S.C. §2241. Petition, ECF No. 1. Construing the Petition liberally, Mr. Sienkiewicz (1) seeks a stay of his removal and (2) challenges the constitutionality of the length of his detention under the Due Process Clause, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petition 1-2, ECF No. 1; *see also Matias v. Artuz*, 8 F. App'x 9, 11 (2d Cir. 2001) (construing a habeas petition filed *pro se* liberally) (citing, among others, *Williams v. Kullman*, 722 F.2d 1048, 1050-51 (2d Cir. 1983)). Under 28 U.S.C. §2241, generally speaking, the federal courts have jurisdiction to grant habeas corpus relief to aliens when they are in custody in violation of the Constitution or laws of the United States. *Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998) (citation omitted).

Loretta Lynch moves to dismiss the Petition for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot. to Dismiss, ECF No. 8. She argues that Mr. Sienkiewicz has

---

[1] Mr. Sienkiewicz initially named Eric Holder as the Respondent. Petition, ECF No. 1. Under Federal Rule of Civil Procedure 25(d), the name of the current United States Attorney General, Loretta Lynch, is automatically substituted as the proper Respondent. The Clerk is directed to adjust the case caption accordingly.

named the wrong Respondent and that the Court lacks jurisdiction over the proper Respondent, the warden of the facility where he is confined in Massachusetts. Def.'s Br. 5-6, ECF No. 8-1. She also argues, in the alternative, that the Court lacks jurisdiction to stay Mr. Sienkiewicz's removal. *Id.* at 6-8. For the reasons that follow, the Court agrees that it lacks jurisdiction to stay Mr. Sienkiewicz's removal. Accordingly, Ms. Lynch's Motion to Dismiss is **GRANTED IN PART**. The remainder of Mr. Sienkiewicz's Petition is **DISMISSED**, because the Court finds that his continued detention is constitutional.

## DISCUSSION

Mr. Sienkiewicz is originally from Poland. Petition 1, ECF No. 1. He entered the United States on a tourist visa and has outstayed the authorized term of that visa. *Id.* Mr. Sienkiewicz was taken into ICE custody on December 17, 2014, where he remains as of the date of this ruling. *Id.* at 2-3; Beaumont Decl. ¶5, ECF No. 8-1. He has a final order of removal pending against him. Petition ¶4, ECF No. 1; *see also* Beaumont Decl. ¶4, ECF No. 8-1; *Sienkiewicz v. Holder*, 400 F. App'x 599 (2d Cir. 2010). Mr. Sienkiewicz is currently detained in Massachusetts.

The Real ID Act, 8 U.S.C. §1252, eliminated this Court's habeas corpus jurisdiction to review removal orders. *See Moreno-Bravo v. Gonzales*, 463 F.3d 253, 261 (2d Cir. 2006) (identifying 8 U.S.C. §1252(a)(5) as "a jurisdiction-stripping provision, particularly as it relates to habeas jurisdiction"); *De Ping Wang v. Dep't of Homeland Security*, 484 F.3d 615, 616 (2d Cir. 2007) (noting that "district courts may no longer review removal orders via habeas corpus"); *see also Saavedra De Barreto v. I.N.S.,* 427 F. Supp. 2d 51, 54-55 (D. Conn. 2006). The relevant provision of the Act provides that "[n]otwithstanding any other provision of law… including section 2241 of Title 28…. a petition for review filed with an appropriate court of appeals…

shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. §1252(a)(5). This provision also "strips" this Court of its jurisdiction to stay an alien's removal. *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (citations omitted); *Al-Garidi v. Holder*, No. 09-CV-6160L, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout this country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal.") (collecting cases). Accordingly, this Court lacks jurisdiction to stay Mr. Sienkiewicz's removal, and the aspect of his Petition seeking a stay is dismissed.

With respect to Mr. Sienkiewicz's constitutional challenge to the length of his detention, the Supreme Court has indicated that a six-month detention, while awaiting removal, is a "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 700-01. After this six-month period, an alien's detention is unlawful "if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing." *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) (citing *Zadvydas*, 533 U.S. at 701). "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

In one of his replies to the Government's Motion to Dismiss, Mr. Sienkiewicz indicates that he is scheduled to be removed from the United States on March 10, 2016. Emergency Mot. to Stay 2, ECF No. 11. Because he claims that his removal will occur in a few days, Mr. Sienkiewicz cannot show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Wang*, 320 F.3d at 146 (holding that detaining an alien for more than six months without a bond hearing after a final order of removal was constitutional because removal

was "imminent"); *see also Zadvydas*, 533 U.S. at 701 (petitioner must "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future..."). Thus, the Court has no basis to conclude that Mr. Sienkiewicz's continued detention is constitutionally improper.  Accordingly, the remainder of his Petition, claiming that the length of his confinement is unconstitutional, is dismissed.

## CONCLUSION

For all of the foregoing reasons, Mr. Sienkiewicz's Petition, ECF No. 1, is **DISMISSED**. The Clerk is directed to substitute Loretta Lynch as the Respondent in this case under Federal Rule of Civil Procedure 25(d), enter judgment for the Respondent, and close the case.

SO ORDERED at Bridgeport, Connecticut this 9th day of March 2016.

      /s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE